UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA DIVISION

**YVENIDE EXANTUS,**                                           **CASE NO.:**

     **Plaintiff,**
**vs.**

**CFI RESORTS MANAGEMENT, INC.**

     **Defendant**
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, YVENIDE EXANTUS (hereinafter "EXANTUS"), by and through her undersigned counsel, and hereby sues the Defendant, CFI RESORTS MANAGEMENT, INC. (hereinafter "CFI RESORTS" or "the Hotel") and in support thereof alleges as follows:

1. This is an action for damages to remedy discrimination, harassment and retaliation based upon statutorily protected activities affecting the terms, conditions and privileges of employment and to redress the deprivation of rights secured by the Plaintiff by Title VII of the Civil Rights Act of 1964 ("Title VII claim"), 42 U.S.C. §1981 ("1981 claim") and the Florida Civil Rights Act of 1992, Florida Statutes 760 et. seq. ("FCRA"), to redress injuries resulting from Defendant's unlawful, sex-based discriminatory treatment of, and retaliation against, Plaintiff and to redress injuries resulting from Defendant's unlawful race-based discriminatory treatment of, and retaliation against, Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Orange County, Florida.

3. Defendant is a Florida corporation authorized to conduct business in the state of Florida and having its main place of business in Orange County, Florida.

4. Venue is proper in Orange County, Florida because all of the actions that form the basis of this Complaint occurred within Orange County, Florida.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. EXANTUS is a black, Haitian female and within a class of individuals protected by §1981 (race), Title VII (race, gender and national origin) and the FCRA (race, gender and national origin).

6. On or about January 10, 2019, EXANTUS was hired by Defendant, CFI RESORTS MANAGEMENT, to work as a house keeper for the hotel. Her duties included cleaning rooms, taking out the garbage, cleaning the bathrooms, stripping the bedding and making the beds, making sure rooms are clean.

7. During her employment, EXANTUS, a black/Haitian, female, was subjected to unwelcomed, harassing and unprovoked sexual touching, as well as harassment and discrimination based upon her sex and her race/national origin.

8. More specifically, through-out the months of February and March, 2020, EXANTUS was given a device which showed what specific rooms need to be cleaned.  Her manager, OMOLA LUIS (hereinafter "OMOLA") sexually harassed her by repeatedly and on multiple occasions inappropriately touching her and rubbing her shoulders and butt without EXANTUS's permission. OMOLA LUIS would say to EXANTUS that you have a "big fat ass" and repeatedly asked EXANTUS if she liked women and was interested in her for sex?  (i.e., grabbed and rubbed her inappropriately).

9. EXANTUS complained to Randy Guidicelli, the housekeeping manager, and he did nothing regarding moving EXANTUS to another area and continued as if the harassment had not happened to EXANTUS and failed to reprimand OMOLA.

10. On or about July 27, 2020, EXANTUS reported OMOLA's sexual harassment to Human Resources Department, Mr. CARLOS RODRIGUEZ (hereinafter "RODRIGUEZ"), and as a result of "their" investigation, no disciplinary action was taken against Omola Luis and they didn't not move EXANTUS from this hostile work environment. However, RODRIGUEZ made OMOLA and other employees of the hotel in supervisory positions aware of EXANTUS' complaint and thereafter, OMOLA and other employees continued to create a hostile work environment for EXANTUS, using sexist language toward EXANTUS, unnecessarily creating additional work for EXANTUS, and encouraging intimidating and harassing behavior by other employees toward EXANTUS.

11. As one of many examples of such behavior, on one occasion OMOLA LUIS placed hair in the beds, microwaves and sinks in the rooms that EXANTUS had already cleaned and then would send her supervisor photos or correspondence that Mrs. EXANTUS's room were not properly cleaned in an attempt to get EXANTUS fired and paint her in a negative light that she was a bad employee.

12. LUIS attempted to bully EXANTUS in an attempt to get her fired for not accepting her sexual advances.

13. As a result of EXANTUS reporting the sexual harassment to management, CARLOS RODRIGUEZ and RANDY GUIDICELLI told her when she had completed all her work and was ready to punch out before 5pm, that she shouldn't punch out early because it will mess up the time/hour wage of the accounting and that they would punch her time sheet out and to go home early. This was a pretext and retaliation to allege she stole time from the company and would justify EXANTUS being fired her cause.

14.  Approximately two weeks after reporting to Defendant's Human Resources Department that she had been subject to sexual harassment and racial and national origin discrimination, on August 11, 2020, Defendant fired EXANTUS.  Such firing one week after her complaint to Defendant's Human Resource Department, was in retaliation for her complaints of discrimination and harassment.

15. On or about November 24, 2020, EXANTUS filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC").

16. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

17. After almost thirteen (13) month of investigating the matter, on December 16, 2021, the EEOC issued a "Notice of Right to Sue" under Title VII of the Civil Rights Act; a copy of said Notice of Right to Sue is attached hereto.  This COMPLAINT is filed within 90 days of receiving the Notice of Right to Sue.

18. By definition, Defendant is an "employer" pursuant to the laws under which this action is brought including, but not limited to, Section 1981, Title VII and the FCRA.

19. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

20. At all times material, Defendant, through its agents, acted in a willful manner, with malice and with reckless disregard for Plaintiff's federally and state protected rights.

21. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## COUNT I
### (Sexual Discrimination and Harassment in Violation of the FCRA)

22. Plaintiff re-adopts and re-alleges the allegations contained within paragraphs 1 through 21 above as if set out in full herein.

23. Plaintiff is a member of a protected class under the FCRA.

24. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based harassment, intimidation, animosity and a hostile work environment.

25. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the subject of this discrimination but for the fact that Plaintiff is female.

26. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

27. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

28. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to unwanted touching, harassment, ridicule and embarrassment, and has suffered emotional distress and damage as a result.

29. The actions of the Defendant and/or its agents were willful, wanton, and intentional and done with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to
punish the Defendant for its actions and to deter it, and others, from such action in the future.

30. As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Honorable Court grants relief, said harm and damages including, but not limited to:

a. Damage to reputation, confidence and self-esteem and loss of dignity;
b. Mental anguish, personal suffering and loss of enjoyment of life;
c. Loss of past income (including interest) and future income;
d. Loss of other fringe benefits;
e. Stress, anxiety and emotional distress;
f. Significant past and future pain and suffering;
g. Other financial losses; and
h. Reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, YVENIDE EXANTUS, requests that Judgment be entered against the Defendant, CFI RESORTS MANAGEMENT, INC, for damages, including compensatory, consequential, and punitive as well as all equitable relief, in addition to all litigation expenses and costs, including attorney's fees and any other lawful and equitable relief that this Court deems to be just and appropriate.

## COUNT II
### (Racial and National Origin Discrimination and Harassment in Violation of the FCRA)

31. Plaintiff re-adopts and re-alleges the allegations contained within paragraphs 1 through 21 above as if set out in full herein.

32. Plaintiff is a member of a protected class under the FCRA.

33. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and/or national origin and subjected the Plaintiff to race based and/or national origin based harassment, intimidation, animosity and a hostile work environment.

34. Such discrimination was based upon the fact that the Plaintiff is black and/or Haitian in that Plaintiff would not have been the subject of this discrimination but for the fact that Plaintiff is black/Haitian.

35. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race/national origin was unlawful but acted in reckless disregard of the law.

36. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

37. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to unwanted harassment, ridicule and embarrassment, and has suffered emotional distress and damage as a result.

38. The actions of the Defendant and/or its agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

39. As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Honorable Court grants relief, said harm and damages including, but not limited to:

a. Damage to reputation, confidence and self-esteem and loss of dignity;
b. Mental anguish, personal suffering and loss of enjoyment of life;
c. Loss of past income (including interest) and future income;
d. Loss of other fringe benefits;
e. Stress, anxiety and emotional distress;
f. Significant past and future pain and suffering;
g. Other financial losses; and
h. Reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, YVENIDE EXANTUS, requests that Judgment be entered against the Defendant, CFI RESORTS MANAGEMENT, INC, for damages, including compensatory, consequential, and punitive as well as all equitable relief, in addition to all litigation expenses and costs, including attorney's fees and any other lawful and equitable relief that this Court deems to be just and appropriate.

## COUNT III
## (Sexual Discrimination and Harassment in Violation of Title VII)

40. Plaintiff re-adopts and re-alleges the allegations contained within paragraphs 1 through 21 above as if set out in full herein.

41. Plaintiff is a member of a protected class under the Title VII.

42. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based harassment, intimidation, animosity and a hostile work environment.

43. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the subject of this discrimination but for the fact that Plaintiff is female.

44. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex was unlawful but acted in reckless disregard of the law.

45. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

46. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to unwanted touching, harassment, ridicule and embarrassment, and has suffered emotional distress and damage as a result.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional and done with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to
punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Honorable Court grants relief, said harm and damages including, but not limited to:

a. Damage to reputation, confidence and self-esteem and loss of dignity ;
b. Mental anguish, personal suffering and loss of enjoyment of life;
c. Loss of past income (including interest) and future income;
d. Loss of other fringe benefits;
e. Stress, anxiety and emotional distress;
f. Significant past and future pain and suffering;
g. Other financial losses; and
h. Reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, YVENIDE EXANTUS, requests that Judgment be entered against the Defendant, CFI RESORTS MANAGEMENT, INC., for damages, including compensatory, consequential, and punitive as well as all equitable relief, in addition to all litigation expenses and costs, including attorney's fees and any other lawful and equitable relief that this Court deems to be just and appropriate.

### COUNT IV
### (Racial and National Origin Discrimination and Harassment in Violation of Title VII)

48. Plaintiff re-adopts and re-alleges the allegations contained within paragraphs 1 through 21 above as if set out in full herein.

49. Plaintiff is a member of a protected class under the Title VII.
50. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and/or national origin and subjected the Plaintiff to race-based and/or national origin based harassment, intimidation, animosity and a hostile work environment.

51. Such discrimination was based upon the Plaintiff's race/national origin in that Plaintiff would not have been the subject of this discrimination but for the fact that Plaintiff is black/Haitian.

52. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race/national origin was unlawful but acted in reckless disregard of the law.

53. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

54. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to unwanted touching, harassment, ridicule and embarrassment, and has suffered emotional distress and damage as a result.

55. The actions of the Defendant and/or its agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

56. As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Honorable Court grants relief, said harm and damages including, but not limited to:

a. Damage to reputation, confidence and self-esteem and loss of dignity ;
b. Mental anguish, personal suffering and loss of enjoyment of life;
c. Loss of past income (including interest) and future income;
d. Loss of other fringe benefits;
e. Stress, anxiety and emotional distress;
f. Significant past and future pain and suffering;
g. Other financial losses; and
h. Reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, YVENIDE EXANTUS, requests that Judgment be entered against the Defendant, CFI RESORTS MANAGEMENT, INC., for damages, including compensatory, consequential, and punitive as well as all equitable relief, in addition to all litigation expenses and costs, including attorney's fees and any other lawful and equitable relief that this Court deems to be just and appropriate.

## COUNT V
### (Retaliation in Violation of FCRA)

57. Plaintiff re-adopts and re-alleges the allegations contained within paragraphs 1 through 21 above as if set out in full herein.

58. Florida Statute 760.10(1) of the FCRA and Section 703(a)(1) of Title VII set forth that it is an unlawful employment practice for an employer to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex, or national origin.

59. Florida Statute 760.10(7) of the FCRA states that "it is an unlawful Employment practice for an employer...to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge,

testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".

60. Plaintiff is a member of a protected class under the FCRA and Title VII.

61. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based harassment, intimidation, animosity and a hostile work environment, said discrimination being an unlawful employment practice pursuant to the FCRA and Title VII.

62. Also by the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race/national origin and subjected the Plaintiff to race- based and/or national origin-based harassment, intimidation, animosity and a hostile work environment, said discrimination being an unlawful employment practice pursuant to the FCRA and Title VII.

63. Thereafter, Plaintiff opposed the Defendant's business practices by first contacting her superior about the unlawful behavior and then by filing a Charge of Discrimination with the EEOC.

64. As a result of the Plaintiff opposing the Defendant's unlawful business practices, the Plaintiff was required to change the shift/times that she worked, thereby greatly reducing the hours that she was able to work (and that she had worked in the past) and greatly reducing the money that she was able to make (and that she had made in the
past).

65. Such discrimination in the reduction of the Defendant's work schedule was based upon the Plaintiff's sex in that Plaintiff would not have been the subject of this discrimination but for the fact that Plaintiff is female and was harassed by Defendant for being such.

66. Such discrimination in the reduction of the Defendant's work schedule was also based upon the Plaintiff's race/national origin in that Plaintiff would not have been the subject of this discrimination but for the fact that Plaintiff is black/Haitian and was harassed by Defendant for such.

67. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex and race/national origin was unlawful but acted in reckless disregard of the law.

68.  As a result of the Plaintiff reporting the unlawful employment practices and discrimination and harassment she suffered Defendant retaliated against the Plaintiff by requiring that she change the shift/times that she worked, thereby greatly reducing the hours that she was able to work (and that she had worked in the past) and greatly reducing the money that she was able to make (and that she had made in the
past).

69. As a result of the Plaintiff reporting the unlawful employment practices discrimination and harassment she suffered Defendant retaliated against the Plaintiff by subjecting her to a hostile work environment and causing further her to suffer unwanted harassment and discrimination.

70. As a result of the Plaintiff reporting the unlawful employment practices discrimination and harassment she suffered Defendant retaliated against the Plaintiff firing her.

71. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff, as described herein, possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

72. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights and has been caused to lose wages that she otherwise would not have lost had she not been discriminated against.

73. The actions of the Defendant and/or its agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

74. As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Honorable Court grants relief, said harm and damages including, but not limited to:

a. Damage to reputation, confidence and self-esteem;
b. Mental anguish, personal suffering and loss of enjoyment of life;
c. Loss of past income (including interest) and future income;
d. Loss of other fringe benefits;
e. Stress, anxiety and emotional distress;
f. Significant past and future pain and suffering;
g. Other financial losses; and
h. Reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, YVENIDE EXANTUS, requests that Judgment be entered against the Defendant, CFI RESORTS MANAGEMENT, INC., for damages, including compensatory, consequential, and punitive as well as all equitable relief, in addition to all litigation expenses and costs, including attorney's fees and any other lawful and equitable relief that this Court deems to be just and appropriate.

## COUNT VI
### (Racial Discrimination and Harassment in Violation of Section 1981)

75. Plaintiff re-adopts and re-alleges the allegations contained within paragraphs 1 through 21 above as if set out in full herein.

76. Plaintiff is a member of a protected class under Section 1981.

77. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based harassment, intimidation and animosity.

78. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the subject of this discrimination and her hours cut but for the fact that Plaintiff is black.

79. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

80. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

81. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to unwanted harassment, ridicule and embarrassment, and has suffered emotional distress and damage as a result.

82. The actions of the Defendant and/or its agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

83. As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Honorable Court grants relief, said harm and damages including, but not limited to:

a. Damage to reputation, confidence and self-esteem;
b. Mental anguish, personal suffering and loss of enjoyment of life;
c. Loss of past income (including interest) and future income;
d. Loss of other fringe benefits;
e. Stress, anxiety and emotional distress;
f. Significant past and future pain and suffering;
g. Other financial losses; and
h. Reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, YVENIDE EXANTUS, requests that Judgment be entered against the Defendant, CFI RESORTS MANAGEMENT, INC., for damages, including compensatory, consequential, and punitive as well as all equitable relief, in addition to all litigation expenses and costs, including attorney's fees and any other lawful and equitable relief that this Court deems to be just and appropriate.

## COUNT VII
### (Retaliation in Violation of Title VII)

84. Plaintiff re-adopts and re-alleges the allegations contained within paragraphs 1 through 21 above as if set out in full herein.

85. Section 704(a) of Title VII sets forth that it shall be an unlawful employment practice for an employer to discriminate against any of his employees because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

86. Plaintiff is a member of a protected class under Title VII.

87. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based harassment, intimidation, animosity and a hostile work environment, said discrimination being an unlawful employment practice pursuant to the FCRA and Title VII.

88. Also by the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race/national origin and subjected the Plaintiff to race- based and/or national origin-based harassment, intimidation, animosity and a hostile work environment, said discrimination being an unlawful employment practice pursuant to the FCRA and Title VII.

89. Thereafter, Plaintiff opposed the Defendant's business practices by first contacting her superior about the unlawful behavior and then by filing a Charge of Discrimination with the EEOC.

90. As a result of the Plaintiff reporting the discrimination and harassment, she suffered Defendant retaliated against the Plaintiff by requiring that she change the shift/times that she worked, thereby greatly reducing the hours that she was able to work (and that she had worked in the past) and greatly reducing the money that she was able to make (and that she had made in the past).

91. As a result of the Plaintiff reporting the discrimination and harassment, she suffered Defendant retaliated against the Plaintiff by subjecting her to a hostile work environment and causing further her to suffer unwanted harassment and discrimination.

92. As a result of the Plaintiff reporting the discrimination and harassment, she suffered Defendant retaliated against the Plaintiff firing her.

93. Such discrimination in the reduction of the Defendant's work schedule was based upon the Plaintiff's sex in that Plaintiff would not have been the subject of this discrimination but for the fact that Plaintiff is female and was harassed by Defendant for being such.

94. Such discrimination in the reduction of the Defendant's work schedule was also based upon the Plaintiff's race/national origin in that Plaintiff would not have been the subject of this discrimination but for the fact that Plaintiff is black/Haitian and was harassed by Defendant for such.

95. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of sex and race/national origin was unlawful but acted in reckless disregard of the law.

96. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff, as described herein, possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

97. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights and has been caused to lose wages that she otherwise would not have lost had she not been discriminated against.

98. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

99. The actions of the Defendant and/or its agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

100. As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages unless and until this Honorable Court grants relief, said harm and damages including, but not limited to:

a. Damage to reputation, confidence and self-esteem;
b. Mental anguish, personal suffering and loss of enjoyment of life;
c. Loss of past income (including interest) and future income;
d. Loss of other fringe benefits;
e. Stress, anxiety and emotional distress;
f. Significant past and future pain and suffering;
g. Other financial losses; and
h. Reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, YVENIDE EXANTUS, requests that Judgment be entered against the Defendant, CFI RESORTS MANAGEMENT, INC., for damages, including compensatory, consequential, and punitive as well as all equitable relief, in addition to all litigation expenses and costs, including attorney's fees and any other lawful and equitable relief that this Court deems to be just and appropriate.

## **JURY DEMAND**

Plaintiff, YVENIDE EXANTUS, hereby requests a trial by jury on all triable issues herein.

LAW OFFICES OF ADAM FRANZEN, LLC
Counsel for Plaintiff
1206 South Lake Drive, Ste. 103
Lantana, Florida 33462
Telephone (954) 462-5790
E-Service: ADAMGFRANZEN@GMAIL.COM

By:/s/ Adam Franzen
Adam Franzen, Esquire
Florida Bar No. 635200